1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN LEE SMITH,

     *Plaintiff*,

vs.

MONEN*, et al.*

     *Defendants*.

2:09-cv-01840-GMN-GWF

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).

1    In the present case, plaintiff seeks monetary damages against five state correctional
2  officers in their official capacity.  Plaintiff may not recover monetary damages from the
3  defendants in their official capacity.  First, claims for monetary damages from the individual
4  defendants in their official capacity are barred by state sovereign immunity under the Eleventh
5  Amendment.  *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*,
6  311 F.3d 929, 934-35 (9th Cir. 2002).  Second, state officials sued in their official capacity for
7  monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983.
8  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312
9  n.10, 105 L.Ed.2d 45 (1989).

10    The Court will give plaintiff an opportunity to file an amended complaint to seek to state
11  claims against the defendants instead in their individual capacity.

12    In filing an amended complaint, plaintiff should note the following.

13    First, at the bottom of page 1 of the complaint form, he must state the date(s) on which
14  the violation(s) occurred.  Plaintiff instead listed in the space for the date(s) the constitutional
15  amendments upon which he bases his claims.

16    Second, plaintiff should not refer to a defendant as a "John Doe" defendant if he can
17  identify the correctional officer by his last name.  The designations "John Doe" or "Jane Doe"
18  instead are used when the plaintiff does not have any name at all for the defendant.

19    Third, the space on page 2 of the complaint form for designating how the defendant
20  acted under color of law is not to be used to state how the defendant allegedly caused the
21  plaintiff harm.  Allegations as to how a defendant acted under color of law instead refer to how
22  the defendant exercised state authority, such as, for example, a defendant exercising state
23  authority as a state correctional officer for the Nevada Department of Corrections.

24    Fourth, in the space of the complaint form for describing the "nature of the case,"
25  plaintiff only should briefly summarize – in the space provided – the most basic allegations
26  of the case, such as that he allegedly was unnecessarily beaten by one correctional officer
27  while other officers watched and failed to stop him, that his grievance over the incident was
28  returned without action rather than processed, and that he was denied medical care.

Fifth, in this same vein, plaintiff *does* need to state the specific facts of each count within the count itself.  That is, he needs to allege all facts supporting the count within the count itself.  And as to each defendant sued under the particular count, he must state the facts making each individual defendant liable on that count.  The detail that plaintiff included in other parts of the complaint in a general narrative instead needs to be stated in the individual counts of the complaint, so that it is clear what claims are being pursued in which counts against which defendants on which facts.  Plaintiff may incorporate facts from one count to another, but each count must be clear as to which counts are being pursued against which defendants on which facts.  Each count must be specific, not general and conclusory.

Sixth, the allegations in the present complaint do not state a claim against correctional officer Brunmeier in any capacity.  Plaintiff alleges that Brunmeier signed his grievance for processing but that another officer returned the grievance to him without processing it.  Plaintiff must allege what, if anything, Brunmeier did or failed to do that caused the grievance to not be processed.  Alleging only that Brunmeier signed the grievance, as it appears that he was supposed to do, is insufficient to state a claim for relief against him.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-01840-GMN-GWF, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

1   The Clerk of Court shall provide plaintiff with a copy of the original complaint that he

2 submitted together with two copies of a Section 1983 complaint form and one copy of the

3 instructions for same.

4   The Clerk additionally, **prior to generating a notice of electronic filing and address**

5 **label for the mailing of this order,** shall correct plaintiff's inmate identification number on

6 the docket sheet to 92546 rather than 924546.

7   If an amended complaint is filed in response to this order, the Court will screen the

8 amended pleading before ordering any further action in this case.

9   If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final

10 judgment dismissing this action will be entered.  If the amended complaint does not correct

11 the deficiencies identified in this order and otherwise does not state a claim upon which relief

12 may be granted, a final judgment dismissing this action will be entered.

13   DATED: July 13, 2010.

                   _____

                   GLORIA M. NAVARRO
                   United States District Judge